# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SHIRLONDA MONROE-EVANS,

    Plaintiff,

    v.

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

    Defendant.

Civil Action No. 16-1081
DAR

## MEMORANDUM OPINION

Plaintiff Shirlonda Monroe-Evans seeks judicial review of a decision of the Acting Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits, pursuant to 42 U.S.C. § 405(g). Complaint (ECF No. 1) ¶¶ 3–4. This action initially was originally referred to the undersigned for the completion of a report and recommendation. 10/12/2016 Docket Entry. Upon the consent of the parties, this action was subsequently assigned to the undersigned for all purposes. Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (ECF No. 16).

Currently pending for determination are Plaintiff's Motion for Judgment of Reversal (ECF No. 9) and Defendant's Motion for Judgment of Affirmance (ECF No. 10). Upon consideration of the motions, the memoranda in support thereof and in opposition thereto, and the entire record herein, the court will grant Plaintiff's motion, and remand this action to the SSA for the award of benefits. The court will deny Defendant's motion.

---

[1] Acting Commissioner of Social Security Nancy A. Berryhill is automatically substituted for Carolyn W. Colvin pursuant to Federal Rule of Civil Procedure 25(d).

**BACKGROUND**

Plaintiff had previously applied for, and been granted, a period of disability benefits from September 2, 2010 through November 1, 2011. *See* Administrative Record ("AR") (ECF No. 6) at 97–98. That period of disability ended when Plaintiff returned to full-time work on November 2, 2011. *Id.* at 98. On September 12, 2013, Plaintiff protectively filed a second Title II application for disability insurance benefits and alleged a new disability onset date of September 9, 2013. *Id.* at 20. Plaintiff reported that she suffers from "[r]uptured achilles tendons in right leg." *Id.* at 218. Plaintiff's application was initially denied by the SSA on May 30, 2014, and was subsequently denied upon reconsideration on January 9, 2015. *Id.* at 131–34, 140–43.

Plaintiff filed a written request for a hearing, *see id.* at 16, and appeared before an Administrative Law Judge ("ALJ") on December 9, 2015, *see id.* at 20. The ALJ denied Plaintiff's application on February 18, 2016. *See id.* at 17–34.[2] In the decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 9, 2013. *Id.* at 22. Additionally, the ALJ found that Plaintiff has the following severe impairments: "Achilles tendonitis, pseudotumor cerebri, obesity, and major depression not otherwise specified[.]" *Id.* at 23. The ALJ also found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" *Id.* Lastly, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) except she is limited to lifting and carrying ten pounds occasionally, less that ten pounds frequently; standing or walking two hours, sitting six hours in an eight hour work day; pushing and pulling occasionally with the right lower extremity; never climbing ladders, ropes, or scaffolds, occasionally climbing ramps and

---

[2] The ALJ refers to the Plaintiff as "the claimant" throughout.

> stairs, kneeling, crouching, and crawling. The claimant can perform simple, routine and repetitive tasks.

*Id.* at 25.

Based on the Plaintiff's RFC determination, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform" such that she "has not been under a disability, as defined in the Social Security Act, from September 9, 2013, through the date of this decision[.]" *Id.* at 33, 34.

Plaintiff sought review of the ALJ's decision from the SSA, which the SSA denied on March 22, 2016, thereby rendering the ALJ's decision "the final decision of the Commissioner[.]" *Id.* at 1. Plaintiff then commenced the instant action.

**STATUTORY FRAMEWORK**

The Social Security Act of 1935 established a framework to provide "disability insurance benefits" to eligible individuals and "supplemental security income" to individuals who have "attained age 65[,] . . . are blind[,] or disabled." 42 U.S.C. §§ 423, 1381, 1381a. The Act defines "disability" for non-blind individuals as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905. A "disabled" individual is eligible for supplemental security income if he or she meets additional statutory requirements concerning income and resources. 42 U.S.C. § 1382(a). The SSA has promulgated regulations, pursuant to the Act, outlining a five-step process for the determination of whether adult claimants are disabled. *See* 20 C.F.R. §§ 404.1520, 416.920.

First, the SSA evaluates whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b). If so, the SSA concludes that the claimant is not disabled. *Id*.

Second, if the claimant is not engaging in substantial gainful activity, the SSA determines whether the claimant has a "severe medically determinable physical or medical impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement . . . ." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

Third, if the claimant's impairment, or combination of impairments, is deemed "severe," the next inquiry is whether or not the impairment, or combination of impairments, "meets or equals one of the listings" in 20 C.F.R. § 404.1525(a). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The "listings" refer to a "listing of impairments" which "describes for each of the major body systems impairments that [the SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a).

Fourth, if the claimant's impairment, or combination of impairments, does not satisfy one of the listings, then the SSA assesses the claimant's "residual functional capacity" to determine whether the claimant is still capable of performing "past relevant work." 20 C.F.R. § 404.1520. Residual functional capacity, commonly referred to as "RFC[,]" is "the most [an individual] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545.

Fifth, and finally, if the claimant is unable to perform his or her "past relevant work," the SSA evaluates the claimant's "residual functional capacity and . . . age, education, and work experience to see if [he or she] can make adjustment to *other* work." 20 C.F.R. §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g) (emphasis supplied). If the claimant cannot make

such an adjustment, the SSA finds that the individual is "disabled." 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

**APPLICABLE STANDARD OF REVIEW**

A plaintiff may seek judicial review in this court of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). The decision made by the Commissioner will not be disturbed "if it is based on substantial evidence in the record and correctly applied the relevant legal standards." *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (citations omitted). In other words, a "district court's review of the [SSA's] findings of fact is limited to whether those findings are supported by substantial evidence." *Broyles v. Astrue*, 910 F. Supp. 2d 55, 60 (D.D.C. 2012) (citations omitted). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Butler*, 353 F.3d at 999 (citations and internal quotation marks omitted) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). A finding of substantial evidence requires "more than a scintilla, but can be satisfied by something less than a preponderance of evidence." *Id.* (citation omitted) (internal quotation marks omitted).

This Circuit has held that "[s]ubstantial-evidence review is highly deferential to the agency fact-finder," *Rossello ex rel. Rossello v. Astrue*, 529 F.3d 1181, 1185 (D.C. Cir. 2008), and that "a reviewing judge must uphold the ALJ's legal 'determination if it . . . is not tainted by an error of law.'" *Jeffries v. Astrue*, 723 F. Supp. 2d 185, 189 (D.D.C. 2010) (quoting *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C. Cir. 1987)). The reviewing court "examines whether the ALJ has analyzed all evidence and has sufficiently explained the weight he had given to obviously probative exhibits," *Nicholson v. Soc. Sec. Admin.*, 895 F. Supp. 2d 101, 103 (D.D.C. 2012) (citation omitted) (internal quotation marks and alteration omitted), but should not "review the case '*de novo*' or

reweigh the evidence," *Guthrie v. Astrue*, 604 F. Supp. 2d 104, 112 (D.D.C. 2009) (citation omitted). It is the plaintiff who bears the "burden of demonstrating that the Commissioner's decision [was] not based on substantial evidence or that incorrect legal standards were applied." *Muldrow v. Astrue*, No. 11-1385, 2012 WL 2877697, at *6 (D.D.C. July 11, 2012) (citation omitted).

## DISCUSSION

Plaintiff moves for reversal of the Commissioner's decision on the grounds that the ALJ's determination was not supported by substantial evidence, and is erroneous as a matter of law. Memorandum in Support of Plaintiff's Motion for Judgment of Reversal ("Plaintiff's Memorandum") (ECF No. 9-1) at 1. Alternatively, Plaintiff moves for the remand of this matter to the SSA for a new administrative hearing. *Id.* Plaintiff submits that the ALJ erred by an erroneous assessment, in five respects, of Plaintiff's residual functional capacity: (1) failure to properly evaluate pertinent evidence; (2) improperly according great weight to the opinions of the State Agency physicians, and to the "hopeful prediction" of one of Plaintiff's treating physicians; (3) failure to include in the residual functional capacity assessment any reference to Plaintiff's need for an assistive device in order to ambulate; (4) failure to include in the residual functional capacity assessment any limitation related to Plaintiff's pseudotumor cerebri, which the ALJ found was a severe impairment, and (5) failure to include in the residual functional capacity assessment any limitations upon Plaintiff's abilities to concentrate, persist, or maintain pace. *Id.* at 6-10.

Defendant writes that "substantial evidence supports the ALJ's decision that Plaintiff was not disabled because she could perform work that existed in the national economy." Defendant's Memorandum in Support of Her Motion for Judgment of Affirmance and in Opposition to Plaintiff's Motion for Judgment of Reversal (ECF Nos. 10, 11) (hereinafter "Defendant's

Opposition") at 9. Defendant omits any discussion of the five deficiencies articulated by Plaintiff; instead, Defendant broadly asserts that the ALJ "[c]orrectly [a]ssessed Plaintiff's RFC[,]" and that "based upon the evidence, the ALJ found that Plaintiff's subjective complaints were not fully credible." *Id*. at 10; *see also id*. at 11 ("Because the [sic] substantial evidence supports the ALJ's RFC assessment and in view of the well-recognized deference to be accorded to an ALJ's credibility determination, this Court should affirm the ALJ's finding.").

Plaintiff, in her opposition to Defendant's motion and reply to Plaintiff's opposition, submits that "the Defendant has failed to address any of the specific issues raised by the Plaintiff, apparently conceding that each of the five distinct errors raised by the Plaintiff was correct." Plaintiff's Opposition to Defendant's Motion for Judgment of Affirmance and Reply to Defendant's Opposition to Plaintiff's Motion for Judgment of Reversal (ECF Nos. 12, 13) (hereinafter "Plaintiff's Reply") at 2. Plaintiff concludes that "[c]onsequently, as the Defendant has failed to provide any rationale to refute the Plaintiff's allegations of error, the decision of the Administrative Law Judge must be reversed." *Id*. at 3.

As of this date, Defendant has made no effort to rebut Plaintiff's assertion that Defendant has conceded the five errors alleged by entirely failing to address any of them.

Upon consideration of the written submissions of the parties in the context of the entire record herein, this court has no alternative other than to find that Defendant has conceded Plaintiff's arguments by her failure to respond to a single one of them. "It is well understood in this Circuit that when [a party] files an opposition to a dispositive motion and addresses on certain arguments raised by [the opposing party], a court may treat those arguments [which were not addressed] as conceded." *Davis v. Transportation Security Administration*, Civil Action No.

15-0135, 2017 WL 3723862, at *3 (D.D.C. August 28, 2017) (citations omitted); *see also Stubbs v. Law Office of Hunter C. Piel, LLC*, 148 F. Supp. 3d 2, 4 (D.D.C. 2015) (arguments of a party which filed a dispositive motion properly treated as conceded where the opposing party filed an opposition but in it, "wholly failed to respond to any of [the movant's] arguments" and "to address the substance of any of the specific arguments") (citations omitted); *Kone v. District of Columbia*, 808 F. Supp. 2d 80, 83 (D.D.C. 2011) ("an argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded.") (citations omitted).

This court finds that Defendant – an entity of the federal government represented by a Special Assistant United States Attorney – "wholly failed" to respond to a single one of the five arguments addressed in detail by Plaintiff. Rather, Defendant, in opposition to Plaintiff's motion and in support of the Social Security Administration's own motion, offers but a boilerplate recitation of some of the standards governing judicial review, and the bare conclusion that the ALJ "[c]orrectly [a]ssessed Plaintiff's RFC."[3]

This court cannot countenance such a patent failure by Defendant to address the Plaintiff's arguments, or otherwise to demonstrate that the ALJ's decision was supported by substantial evidence and was rendered in accordance with the applicable law. This failure is rendered all the

---

[3] By way of illustration, this court notes that Plaintiff, as part of her second claim of error, argues, in part that the ALJ improperly accorded great weight to the opinions of the State Agency physicians. *See* Plaintiff's Memorandum at 7-8. Defendant makes no effort to discuss the ALJ's determination regarding the weight to be accorded these opinions, and instead, offers only a generic comment:

> As the ALJ noted, Plaintiff's RFC assessment is consistent with the opinions of state agency medical experts[] . . . who reviewed the medical evidence of record. Medical and psychological consultants of a state agency who evaluate a claimant based upon a review of medical records are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. Therefore, the ALJ must consider findings of the state agency medical expert.

Defendant's Opposition at 9 (citations omitted). This generic comment is unresponsive to Plaintiff's argument; moreover, as the governing regulations do not permit an ALJ to accept, without analysis, the opinion of a State Agency physician, the comment includes a misstatement of the law.

more egregious by Defendant's failure to reply to Plaintiff's observation that Defendant seemingly conceded Plaintiff's arguments. See Plaintiff's Reply at 2.

By virtue of these same deficiencies, this court cannot possibly entertain the grant of Defendant's own motion: the memorandum in support of it is entirely devoid of context, and includes no basis warranting affirmance of the ALJ's decision. Put another way, Defendant has made no effort, in accordance with the settled law of the Circuit, to demonstrate that the Commissioner's decision "is based on substantial evidence in the record and correctly applied the relevant legal standards." *Butler*, 353 F.3d at 999 (citations omitted).

**CONCLUSION**

For the foregoing reasons, the court will grant Plaintiff's motion, and deny Defendant's motion, by an order filed contemporaneously.

September 13, 2017

DEBORAH A. ROBINSON
United States Magistrate Judge